UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN WESTLEY,

    Plaintiff,

v.                          Case No. 8:17-cv-729-T-33TBM

GREGORY N. HULTMAN, ET AL.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court sua sponte. The Court determines that it lacks subject matter jurisdiction over this case and thus dismisses this action pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**I.  Background**

On February 14, 2017, pro se Plaintiff John Westley filed a Complaint naming the following Defendants: Greg N. Hultman; Coldwell Banker Real Estate LLC; Elizabeth V. Cutter; On Top of the World Condominium Association, Inc.; Merrill Lynch; and the Florida Attorney General's Office. (Doc. # 1). Westley states that the Court has federal question jurisdiction under 28 U.S.C. § 1331 "because the resolution of stated claims will require adjudication of disputed questions of Federal laws and Constitutionally protected civil rights." (Doc. # 1 at 1). Westley indicates that the claims against the Defendants "are governed under the Identity Theft and Assumption Deterrence

Act, Identity Theft Enforcement and Restitution Act, Federal Securities Exchange Act, Investment Advisors Act, Consumer Protection Act, RESPA, Identity Theft Penalty Enhancement Act, U.S. Constitution 1st and 5th Amendments, HIPPA statutes, Anti-Kickback Act and the Whistleblowers Protection Act." (Id.). Westley does not allege that the requirements of complete diversity of citizenship are met.

The Court is required to liberally construe Westley's Complaint because he is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even the most liberal construction reveals that the Court lacks subject matter jurisdiction.

## II. Jurisdictional Discussion

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) (stating "every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based").

Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). And "because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Although the Complaint makes reference to various federal statutes, the Complaint does not seek relief under any federal law nor does the Complaint seek an Order interpreting any federal law. In addition, a number of the federal statutes Westley enumerates in the Complaint do not provide for a private right of action. See, e.g., Razzi v. Nimler, No. 5:14-cv-447-Oc-22PRL, 2014 U.S. Dist. LEXIS 143370, at *6 (M.D. Fla. Sept. 12, 2014)("The federal identity theft statute, the Identity Theft and Assumption Deterrence Act of 1998, 18 U.S.C. § 1028, is criminal in nature and provides no civil cause of action or civil remedy."); Ameritox, Ltd. v. Millennium Labs., Inc., 803 F.3d 518, 522 (11th Cir. 2015)("There is no private right of action under the Anti-Kickback Act.").

3

The mere mention of a federal statute in a complaint does not create federal question jurisdiction. Hill v. Marston, 13 F.3d 1548, 1550 (11th Cir. 1994). Rather, federal question jurisdiction requires that a party assert a substantial federal claim. Hagans v. Lavine, 415 U.S. 528, 536 (1976); see also Baker v. Carr, 369 U.S. 186, 199 (1962)(holding that if jurisdiction is based on a federal question, the plaintiff must show that he has alleged a claim under federal law that is not frivolous).

The Complaint is comprised of eleven state law claims: I-Negligence; II-Fraud; III-Unjust Enrichment; IV-Defamation; V-Libel; VI-Collusion; VII-Inducement; VIII-Tortious Interference; I X-Misrepresentation; X-Conversion; and XI-Retribution. Westley does not claim that complete diversity of citizenship exists. The Court is not required to bolster deficient jurisdictional allegations. "If a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case." Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013). And, "[a] district court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction." Goodman v. Sipos, 259 F.3d 1327, 1331 n. 6 (11th Cir. 2001).

Although the Court has construed the Complaint broadly due to Westley's pro se status, the Court comes to the ultimate conclusion that it lacks subject matter jurisdiction over this case. The leniency afforded to pro se pleadings "does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading." GJR Invs., Inc. v. Cnty of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). The case is dismissed for lack of subject matter jurisdiction.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This case is dismissed for lack of subject matter jurisdiction.

(2) The Clerk is directed to close the case.

**DONE** and **ORDERED** in Tampa, Florida, this <u>25th</u> day of April, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE